**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| SAMUEL GHEE, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | 1:26-CV-03178-ELR |
| | * | |
| THE CITY OF ATLANTA and | * | |
| OFFICER J. LLOYD, in personal | * | |
| capacity, | * | |
| | * | |
| Defendants. | * | |
| | * | |

_____

**ORDER**

_____

This matter is presently before the Court on Plaintiff Samuel Ghee's Motion to Disqualify the undersigned from this case. [Doc. 5].

Based on the findings of the Judicial Council of the Eleventh Judicial Circuit that the undersigned engaged in sexual activity in Chambers during business hours with a police officer, see Order, Judicial Compl. No. 11-25-90212 (11th Cir. Judicial Council Feb. 11, 2026)) (adopting Amended Final Report of the Special Committee ("Report")), Plaintiff, *pro se*, moves to recuse the undersigned, [see generally Doc. 5]. Plaintiff asserts that the undersigned cannot remain impartial in this case because she engaged in an intimate relationship with a senior officer of the Atlanta Police Department (APD) and this case is against an APD officer. [Doc. 5-1 at 7–8].

Plaintiff also questions the undersigned's rulings in his previous cases, contending that her Orders represented "made-up narratives . . . unrelated to the issues in the original complaint." [Id. at 9–10].

In accordance with 28 U.S.C. § 455(a), a federal judge must disqualify herself "in any proceeding in which h[er] impartiality might reasonably be questioned." Section 455(b) provides additional circumstances requiring disqualification.[1]

---

[1] Specifically, § 455(b) provides that a judge

shall also disqualify h[er]self in the following circumstances:
(1) Where [s]he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;

(2) Where in private practice [s]he served as lawyer in the matter in controversy, or a lawyer with whom [s]he previously practiced law served during such association as a lawyer concerning the matter, or the judge or such lawyer has been a material witness concerning it;

(3) Where [s]he has served in governmental employment and in such capacity participated as counsel, adviser or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case in controversy;

(4) [Sh]e knows that [s]he, individually or as a fiduciary, or his spouse or minor child residing in h[er] household, has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding;

(5) [Sh]e or h[er] spouse, or a person within the third degree of relationship to either of them, or the spouse of such a person:
(i) Is a party to the proceeding, or an officer, director, or trustee of a party;
(ii) Is acting as a lawyer in the proceeding;
(iii) Is known by the judge to have an interest that could be substantially affected by the outcome of the proceeding;
(iv) Is to the judge's knowledge likely to be a material witness in the proceeding.

Plaintiff fails to show that any of § 455's circumstances for disqualification are present here. Although this case is against an APD officer and the undersigned had an intimate relationship with an APD officer, that officer is not a Party. Also, to the best of the undersigned's knowledge, that officer does not have a substantial interest in this case against an APD officer in her personal capacity and the City of Atlanta and is not likely to be a material witness here. Moreover, the undersigned's relationship with the APD officer ended by October 2025, Report at 9, well before Defendants removed this case on June 5, 2026, see Notice of Removal [Doc. 1]. Plaintiff identifies no conduct giving rise to a question of the undersigned's impartiality in this case, nor does he identify any present or ongoing personal bias, financial or other interest, or any other cause under § 455(b) justifying the undersigned's recusal from this case.

Finding no basis for disqualification, the Court **DENIES** Plaintiff's Motion to Disqualify the undersigned. [Doc. 5].

**SO ORDERED**, this 25th day of June, 2026.

_____
Eleanor L. Ross
United States District Judge
Northern District of Georgia